## No. 6869.

STATE EX REL. C. C. DURAND ET AL. VS. PARISH JUDGE OF ST. MARTIN PARISH.

The object of the rule *nisi* in a mandamus proceeding is not to ascertain whether the court erred in granting the rule, but whether the mandamus should be made peremptory. And hence it is to the latter inquiry alone that the respondent should address himself.

A party having occasion to apply for mandamus in two suits, before the same judge, may state his causes of complaint, with respect to both, in a single petition.

The bond for a suspensive appeal from a judgment which does not decree the payment of a certain sum of money, or the delivery of a movable, or an immovable, need only be for an amount sufficient to pay costs.

The bond for a suspensive appeal from a judgment which orders the sheriff to put a party in possession of certain real estate, should be for a sum exceeding by one half the estimated value of the revenues of the property pending the appeal, and for whatever additional sum may seem necessary to cover injury or deterioration which may be caused to the property by the appellants during the time they may continue in possession.

State ex rel. Durand et al. vs. Parish Judge of St. Martin Parish.

APPLICATION for a mandamus.

*F. M. Voorhies* for relator.

*Jos. A. Breaux, L. J. Gary*, and *W. F. Schwing* for respondent.

The opinion of the court was delivered by

MARR, J.   Charles C. Durand, administrator of the succession of Charles Durand, Jr., obtained an order from the parish court, under which he caused to be offered for sale by the sheriff certain real property, which was adjudicated to Alphonse Tertrou at the price of $10,134. Tertrou refused to pay the cash which was demanded of him ; and the sheriff proceeded to offer the property again, when it was adjudicated to C. C. and John L. Durand, at the price of $2235.

The administrator filed a tableau or statement of the property of the succession, and of the debts and charges to be paid, and the taxes and funeral expenses paid.  Tertrou filed an opposition in which he claimed to be a creditor for an amount exceeding $16,000, secured by mortgage on the property adjudicated to him ; and he asserted the right to retain the amount of his bid, $10,134, on account of the larger sum due to him.

The parish judge ordered the tableau to be amended in several particulars which it is not necessary to state now.   His decree is as follows:

" Let the claim of Alphonse Tertrou as mortgage creditor be recognized and placed upon the tableau.  Let the bid of Alphonse Tertrou upon the succession property sold on the thirtieth of August, 1876, be recognized as valid.  Let the tableau be amended as above set forth; and, as so amended, let the same be homologated."

This suit is number 2249 of the docket of the parish court.

In his capacity as administrator, C. C. Durand caused a writ of *fieri facias* to issue on a judgment against Alphonse Tertrou, which Tertrou enjoined ; and he claimed the right to have the judgment compensated by the mortgage debt due him.   The parish judge decreed that Tertrou be recognized as a mortgage creditor of the succession of Charles Durand, Jr., for the sum of $16,879, with interest, less the sum of $10,-134, a credit allowed in his petition.   The decree proceeds :

" Let the injunction be made perpetual, the plea of compensation be admitted, and let the adjudication to Alphonse Tertrou be recognized.   The sheriff of the parish of St. Martin is, therefore, ordered to execute a deed of sale in favor of Alphonse Tertrou, and to place him in possession of the premises upon his complying with the requisites of the law.

" It is further decreed that the pretended adjudication to C. C. Durand and John Durand be declared null and void, and that the deed of the sheriff to those parties be annulled and canceled."

This suit is entitled Alphonse Tertrou vs. C. C. Durand and others, number 8166 of the docket of the parish court.

In the succession suit, number 2249, C. C. Durand as administrator, and personally, and John L. Durand applied for a suspensive, and, in the alternative, for a devolutive appeal, which the parish judge granted on their giving bond in the sum of $500 for a devolutive, and $15,000 for a suspensive, appeal. Four other appeals were applied for by creditors of the succession; and on each appeal the bonds were fixed at $500 and $15,000 for the devolutive and suspensive appeals respectively. Among the appellants were Alphonse Tertrou and Mrs. Euphémie Broussard, widow of Charles Durand, Jr., the latter claiming to be a mortgage creditor for some $3000 for her dotal and paraphernal rights.

In the injunction suit, number 8166, C. C. Durand as administrator, and personally, and John L. Durand moved for an appeal, and so did Mrs. Euphémie Broussard separately. On each of these motions the parish judge fixed the amount of the bonds at $500 for a devolutive, and $15,000 for a suspensive, appeal.

The Durands in one petition, and Mrs. Broussard in another, applied to this court for writs of mandamus to compel the parish judge to grant the appeals prayed for by them in the two suits respectively, on their giving bonds in conformity with article 577 of the Code of Practice.

The parish judge excepted in both cases. We shall notice but one ground of exception, which is, that two writs of mandamus can not be applied for in one petition; and as separate appeals were applied for in the court below in the two suits, numbers 2249, 8166, the same distinction should be observed in the application for mandamus.

He also answered to the merits, in the event that this court should decide that the issues can be passed upon in the manner in which they are presented. It is not necessary to set out these answers in full. They state no fact in support of his rulings in fixing the amount of the bonds; and we refer to them only to notice his statement that this court has recently decided that the administration as a creditor can not appeal without giving bond in an amount equal to one half more than the assets of the succession. He refers to no case, and we do not recollect any case, in which any such decision was ever made. If any such decision has been made it should be at once overruled; and we take occasion now to say that no such decision can be maintained either on principle or authority.

So far as the exceptions are concerned, if that form of pleading is admissible in such a proceeding as this, which we are not disposed to concede, they would tend to show merely that the rule *nisi* should not

have been granted by this court. When such a showing is made by the relator, in his *ex parte* application for the writ of mandamus, as satisfies the court, *prima facie*, that he is entitled to the remedy which he seeks, it is the business of the judge, or other person to whom the rule to show cause is addressed, not to set up technical or other objections which merely tend to show that the rule *nisi* should not have been granted, and that this court erred in that respect, but to state any fact, appearing of record, which may have been omitted by the relator, or to refer to any law which would show that the peremptory mandamus, which is not granted until both parties have been heard, should be refused.

The object of the rule *nisi* is to obtain all the information necessary to a correct decision. The relator makes his statement under oath. The rule to show cause is intended to enable the respondent to make his statement; and it does not concern the one or the other of them that this court has chosen to permit the party having occasion to apply for mandamus in two suits, before the same judge, to state his causes of complaint in respect to both in a single petition.

The right of appeal is a precious one, and it should be favored and aided by the courts. There should be no difficulty in fixing the amount of the bond for an appeal in any case. Where the judgment is for a specific sum the party cast must give bond, for a suspensive appeal, for a sum exceeding by one half the amount for which the judgment was given. C. P. Art. 575.

If the judgment decree the delivery of a movable of perishable nature, the security for a suspensive appeal must be for an amount exceeding by one half the estimated value of such movable. C. P. Art. 576.

If the judgment decree the delivery of real estate not of a perishable nature, security shall only be required to an amount exceeding by one half the estimative value of the revenue to be derived from such real estate, pending the suit; and for such further amount as the judge may determine as surety for an injury or deterioration which may be caused to the estate by the appellant while in possession of the same. C. P. Art. 577.

In all cases not falling within the terms and provisions of these articles, no other security is necessary than such as will suffice to cover the costs.

In the succession suit, number 2249, the judgment does not condemn any one to pay any sum of money, nor to deliver any movable or immovable. It amends the tableau so as to place Tertrou on it as a mortgage creditor; it rejects the claims of certain persons claiming to be creditors; it recognizes the bid of Tertrou, and settles the rank of

the creditors. The administrator, or any creditor whose interests are affected by that judgment, has the right of appeal; and no security can be required of them beyond such as will suffice to pay the costs.

All this has been fully explained and laid down clearly in Millaudon vs. Percy, 7 N. S. 352 ; Blanchin vs. Fashion, 10 An. 345 ; State *ex rel.* Hicky vs. Judge Fourth District Court, 20 An. 108 ; State *ex rel.* Gaussin vs. Judge of Second District Court, 21 An. 43 ; Succession of Cloney, 29 An. 328 ; State *ex rel.* Smith, 29 An. 838.

The other case, number 8166, is somewhat peculiar. Tertrou bid $10,134 for the property, but he has not paid, nor does he intend to pay, any part of this sum into the hands of the administrator. He simply proposes to credit it on the mortgage debt which he claims of the succession. The judgment requires the sheriff to make him a title to the property, and to put him in possession. The appeal will suspend the execution of this order ; but the case will probably be heard and determined at the June term, 1878, or within some seven or eight months after the date of the judgment. The appellants should be required to give bond for a sum exceeding by one half the value of the revenues which the property ought fairly to yield during the time for which this appeal will probably be pending ; and an additional sum might also be required, to cover injury or deterioration which may be caused to the property by the appellants during the time they may continue in possession under the suspensive effect of their appeals. Without proof that the party in possession was so managing and dealing with the property as to abuse and injure it, or to diminish its value by waste, there would be no occasion to require any large amount, if any thing, on this score.

We have no idea what revenue this property yields, nor whether it is productive or not ; nor have we any information which would enable us to indicate the amount of security which should be required in this case more definitely than we have done. It is not our province to fix the amount of appeal bonds; and we can only say, when a bond is presented for our consideration and brought within our cognizance, whether or not it is sufficient in the given case. We have endeavored to express our views of the law in such a manner as will make them serve as a guide to the parish judge, and enable him so to use the discretion vested in him as to protect and secure the rights of the appellees, and to permit the appellants to exercise their right of appeal on the terms and conditions prescribed by law.

It is therefore ordered, adjudged, and decreed that the mandamus herein prayed for be made peremptory; and, accordingly, that Carter Basset, parish judge of the parish of St. Martin, be ordered and required to grant unto Charles C. Durand, as administrator of the succession of

State ex rel. Durand et al. vs. Parish Judge of St. Martin Parish.

Charles Durand, Jr., and in his own right, and John L. Durand, and unto Mrs. Euphémie Broussard, widow of Charles Durand, Jr., the suspensive appeals demanded by them in the suit number 2249 of the docket of the parish court of St. Martin, on their giving bond and security in such sum, to be fixed by the said judge, as will be sufficient to cover and secure the costs which they may be condemned to pay by the judgment and decree to be rendered by this court on their said appeals respectively; and that the said parish judge be also ordered and required to grant to the said Charles C. Durand, in his said capacity as administrator, and personally, and John L. Durand, and unto Mrs. Euphémie Broussard, widow of Charles Durand, Jr., the suspensive appeals by them demanded in the suit number 8166 of the docket of said parish court, on their giving bond and security in a sum to be fixed by the said parish judge, in accordance with the terms and provisions of Art. 577 of the Code of Practice, and the views and opinions herein expressed; and that the said parish judge pay all the costs of this proceeding.

Mr. Justice DeBlanc recused himself in this cause.