## No. 9068.

THE STATE EX REL. MULLER BROTHERS VS. H. L. LAZARUS, JUDGE CIVIL DISTRICT COURT, ETC.

The only bond which can be required of a party appealing suspensively from a judgment rendered against such party, as a judgment debtor, for a forced surrender of his property under the provisions of sec. 1781, Revised Statutes, is a bond for probable costs.

State ex rel. Müller Bros. vs. Judge.

Such a judgment does not condemn him to pay any sum of money or to deliver any movable or immovable property; hence the appeal bond is not regulated by Arts. 575, 576 and 577, Code of Practice.

In fixing the amount of a devolutive appeal bond, the judge of the lower court must ascertain the amount of probable costs, and in computing the same in appeals from the Civil District Court for the parish of Orleans, he must consider the system which requires the payment of the transcript to or otherwise provided for.

APPLICATION for Mandamus.

*A. B. Philips* and *Albert Voorhies* for the Relators.

The Respondent *in propria persona.*

The opinion of the Court was delivered by

POCHÉ, J. In the suit entitled John E. Thomson vs. Müller Bros., a definitive judgment was rendered against the defendants on the 28th of May, 1883, in the sum of $5485 77. Execution having issued thereon, the sheriff returned that he had found no property of the defendants to levy upon.

Whereupon, plaintiffs instituted proceedings under section 1781 of the Revised Statutes, with a view to a forced surrender of their property by the judgment debtors, and obtained, on the 8th of November, 1883, an order for such surrender conformably to the provisions of said statute.

On the trial of an exception to that proceeding, the original order was annulled so as to be restricted in its effect to one of the defendants only, by a judgment made final on January 11, 1884. The defendants then presented a petition praying for appeal from the various judgments and decrees rendered against them in the premises.

In an order dated January 21, 1884, a devolutive appeal was allowed from said judgment and decrees, on a bond of two hundred and fifty dollars; and a suspensive appeal was granted from the judgment of January 11, 1884, on a bond of one thousand dollars.

The defendants, who are the relators in the present proceeding, complain that both of the bonds required by the court are excessive, and they urge that both should be reduced to one hundred dollars each.

In the absence of a statement showing the amount of costs already incurred in the two judgments, we are not prepared to say that the judge erred in fixing the amount of the bond for the devolutive appeal.

It is elementary, that the amount of such bond must be determined by the amount of the costs already incurred and likely to be met with. Considering that, under existing laws regulating appeals from the parish

of Orleans, the transcript is to be paid cash, and that the probable costs in this Court are in the main covered by additional security or by a deposit of twenty dollars; we hold, however, that the judge of the lower court, in fixing the amount of a devolutive appeal bond, must base his calculation on costs only which are covered exclusively by the appeal bond. And, we think that the bond should be fixed so as not to exceed double the amount of the costs already incurred.

Tested by this rule and under the foregoing considerations, we must say that the bond complained of impresses us as being somewhat excessive.

But, in our decree, we shall not conclude the judge on that question, and shall direct him to determine the amount of the bond in accordance with the views which we have expressed above.

We shall now consider relators' complaint of the bond required of them in their suspensive appeal from the judgment of January 11, 1884.

As above stated, the effect of that judgment is the compulsory surrender of their property by the judgment debtors.

It does not condemn them to pay any sum of money or to deliver either movable or immovable property, and hence, we conclude in such a case, a bond sufficient to cover costs is all that can be required of the appellant for a suspensive appeal. State ex rel. Hickey vs. Judge, 20 A. 108; State ex rel. Beebe vs. Judge, 23 A. 31.

In his answer the respondent urges that the appeal taken from that judgment will have the effect of hindering and delaying the execution of the moneyed judgment. We cannot take that view of the appeal. In our opinion it only suspends the proceedings looking to the projected forced surrender of the defendants, or to their possible imprisonment under the provisions of the statute invoked by the judgment creditor. Pending this appeal the judgment creditor has the unquestioned right to proceed with the execution of his judgment by means of alias writs of fi. fa., or garnishement process, so as to reach any of his debtor's property, rights or credits which the sheriff had failed to find and which may be subsequently discovered.

The relators were clearly entitled to their suspensive appeal on a bond for probable costs only.

It is, therefore, ordered that a peremptory writ of mandamus issue, directed to the respondent judge requiring him to fix the amounts of the bonds, for the devolutive and suspensive appeals granted by him in the case entitled J. E. Thomson vs. Müller Bros., in order to cover the probable costs in each of the judgments appealed from, and to ascertain said costs in accordance with the views herein expressed.