BREAUX, J.
This was an application for a writ of mandamus to issue to the New Orleans Cotton Exchange, and order it to issue to the relator its certificate for one share of capital stock in place of a share now registered on the books of this exchange in the name of Robert W. Simpson.
The heirs of Robert W. Simpson were made parties respondent, through Ross E. Breazeale, appointed by the court curator ad hoc to represent them.
The cause was put at issue, heard, and the district court decided that the relator, Douglas M. I-Iannay, is entitled to this share, and made the writ of mandamus peremptory. From this judgment the curator ad hoc, representing the succession heirs, has taken an appeal.
On Motion to Dismiss the Appeal.
Relator moves to dismiss the appeal on the grounds that defendant is not entitled to a suspensive appeal; that the bond furnished for this appeal is insufficient in amount, as it does not exceed one-half of the value of the share of the Cotton Exchange stock, subject of the suit, being only for $100, while the testimony shows that the minimum value of the stock was over $200; that the res, viz., the bond, is movable in character, and the amount of the bond should be an amount exceeding by one-half the estimated value of the stock in controversy; that no steps were taken in the lower court to estimate its value.
As alleged by relator, the appeal bond, the amount of which was fixed by the judge a quo, is in amount less than the value of the stock, the title to which is recognized by the judgment of the lower court to be in relator.
We are informed judicially that appellee moved to dismiss the appeal in the district court, on the ground that he was entitled to execute judgment because of the insufficiency of the bond for an appeal; that the court decided against the relator; and that no appeal has been taken from the judgment. It is the judgment and proceedings which are brought to our attention by a transcript not forming part of the original transcript. This being a question of jurisdiction, in our view these copies, filed here after notice to counsel for appellee, may be considered, as relates to jurisdiction. “Said court shall have such original jurisdiction as may be necessary to enable it to determine questions of fact affecting its own jurisdiction.” Const, art. 85.
In a case presenting the same ground this court held that, no appeal having been taken from the judgment of the district court refusing to set aside the appeal so far as it was suspensive, the correctness of the judgment could not be tested by the motion to dismiss made in the Supreme Court. This view was affirmed in Metropolitan Bank et al. v. Blaise, 109 La. 92, 33 South. 95.
Granted for an instant that the question is before us as contended by appellee, it is not one of first impression in this court. A case very similar decided that the bond of appeal from a judgment decreeing the delivery of stock does not fall within the terms of article 575, Code Prac., nor within the terms of article 576 of that Code.
The case was not absolutely similar in all its facts, for it appears that the stock involved in the suit was in possession of an officer of the court, yet the reasoning of the court has application; it laid down the proposition that the stock was an incorporeal right, which was not to be regulated, as relates to appeal, by the article before cited.
(June 6, 1904.)
The court saicl, in substance, that it was not included in the class of appeals to which article 576 refers, and that stock did not fall under article 576, Code Prac., which refers to tangible movable property of a perishable nature, and not to mere incorporeal rights; that plaintiff was not exposed to any loss, for no transfer of the property could be made to his prejudice.
This is very much the same as in the case in hand. There cannot any transfer be made • of the stock to the prejudice of appellee. The judgment orders this stock, contradictorily with the appellant, to be transferred to the appellee. The appellant does not have it in his power to transfer the stock in question. Besides, it is not perishable in its nature, and does not fall under .article 57G. The fact that the value of this stock is variable does not render it perishable. It is not liable to decay or to destruction.
The amount of the bond was not fixed by law. It then devolved upon the judge to fix it. If he has committed error in the exercise of duty devolving upon him, it would not afford ground to dismiss the appeal. The court, in a similar case, said:
“If it were true, as appellee contends, that the amount fixed is too small, this might authorize some relief, but it is certainly no ground to dismiss the appeal.” McCarthy v. McCarthy, 44 La. Ann. 146, 11 South. 77.
For these reasons, the motion to dismiss the appeal is denied.