SOMMERYILLE, J.
Plaintiff sued defendants for a partition of some 1,500 lots or Squares of unimproved real estate in the town of Slidell, parish of St. Tammany, alleged to have been owned by him and the defendants in indivisión, and h'e asked that the same be ordered sold, as they could not be conveniently divided in kind.
Defendants answered that the property could be divided in kind, and asked for judgment decreeing plaintiff to be the owner of an undivided five-twelfths, Mrs. Oscar R. Burgier. of an undivided five-twelfths, and Raymond Burgier of an undivided two-twelfths, and that, the property being divisible in kind, it should be divided among the co-owners thereof in the proportions stated. There was judgment for defendants, and a further judgment in favor of Mrs. Oscar R. Burgier, one of the defendants, and against petitioner for $738.08, which was claimed by her in a reeonventional demand against plaintiff.
Plaintiff sought and obtained both an order for a suspensive and a devolutive appeal, and the judge ordered that the suspensive appeal be granted on the giving of a $15,000 bond, and that a devolutive appeal should be granted upon furnishing bond in the sum of $500.
Plaintiff moved the court to reduce the amount of the suspensive appeal bond on the ground that there was no judgment for any specific sum of money, except for $738.08, and that the bond should be for only one-half over and above that amount and for the amount of costs that would probably be incurred in the suit. The judge refused to reduce the amount of the suspensive appeal bond, and plaintiff has applied to this court for a mandamus to compel him to fix a smaller amount.
It is clear that the judgment is not one the appeal from which is regulated by articles 575, 576, 577 of the Code of Practice. It is not for a specific sum, beyond $738.08, or for the delivery of a movable, and it does not decree the delivery of real estate bearing revenue. It is an order to partition unimproved property which is not in the possession of or under the sole control of plaintiff. The bond for $15,000 appears to be far in excess of any possible costs to be incurred in the matter, and, being excessive, the order fixing same will be annulled. State ex rel. Beebe v. Judge, 23 La. Ann. 31; State ex rel. Smith v. Judge, 29 La. Ann. 838; State ex rel. Durand v. Judge, 30 La. Ann. 282; State ex rel. Muller v. Judge, 36 La. Ann. 189.
It is therefore ordered that a writ of mandamus issue herein directed to the trial judge, ordering him to fix the amount of the bond for a suspensive appeal in this proceeding at a sum exceeding by one-half the judgment for money, and for a devolutive appeal in a sum for costs.