No. 2367
Second Circuit

JOHN D. GRAY v. W. C. FEAZEL, ET AL.

(December 10, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Evidence—Par. 53.**
The burden of proof is on the plaintiff to prove the verbal contract which is the basis of his suit.

2. **Louisiana Digest—Evidence—Par. 339, 340.**
Under Article 2277 of the Civil Code a verbal contract involving more than $500.00 must be proved at least by one credible witness and other corroborative circumstances.

3. **Louisiana Digest—Evidence—Par. 339, 340, 344.**
Where plaintiff who is suing under a verbal contract involving more than $500.00 has no other testimony besides his own and no corroborating circumstances to prove his contract, he will not be given judgment thereon.

Appeal from Third Judicial District Court of Louisiana, Parish of Union, Hon. S. D. Pearce, Judge.

This is a suit to recover the sum of $700.00 under an alleged contract to build and erect an oil derrick. There was judgment for plaintiff against one defendant, Feazel, and defendant Feazel, appealed.

Judgment reversed.

H. E. Dawkins, of Ruston, attorney for plaintiff, appellee.

Edward Everett, Jr., of Farmerville, and J. W. Elder, of Farmerville, attorneys for defendants, appellants.

ODOM, J. Plaintiff brings this suit against Dr. E. Tugwell, Edward Everett, Dr. J. G. Taylor, Dr. E. Tugwell, and J. S. Dykes, all residents of Union parish, W. C. Feazel, a resident of Ouachita parish, T. E. Fraizer, a resident of Union county, Arkansas, and W. E. Coleman, a res-

ident of Caddo parish, Louisiana, to recover the sum of $700.00 under a contract which he alleges that defendants, through their agent and co-partner, W. C. Feazel, made and entered into with him to build and erect an oil well derrick on certain property which said defendants had leased in Union parish.

He alleges that the defendants under the contract were to pay him $700.00 for the building of the derrick. That he complied with his part of the contract by building the derrick and that defendants have failed and refused to pay him.

He further alleges that the said W. C. Feazel in making the contract with him was acting both for himself and his co-partners and that all the above named defendants had made and entered into a contract of partnership as between themselves "by the terms of which they were to build and erect a derrick upon a certain lease acquired by them from Murray Green and that they were to immediately, after the erection of said derrick cause the said lease to be developed and cause a certain well to be drilled thereon for the purpose of discovering oil or gas thereon".

Defendant Fraizer, being a non-resident, excepted to the jurisdiction of the court, which exception was sustained.

The other defendants answered and denied any indebtedness to plaintiff and especially alleged that plaintiff agreed to accept four shares of interest valued at $1000.00 in a lease of sixty shares "which was formed for the purpose of purchasing and if advisable drilling and operating the Murray Green lease" and that there was no other consideration agreed upon for the building of said derrick.

And it is especially alleged in answer that said W. C. Feazel made no contract for any of the defendants by which the plaintiff was to receive any consideration for the erection of the derrick except the four shares of interest in said lease; and the defendant, Feazel, especially alleges that the plaintiff, Gray, purchased one share of said lease for $250.00 and paid thereon only $200.00 and is therefore still due $50.00, for which he claims judgment in reconvention.

There was judgment in the district court in favor of the plaintiff and against defendant W. C. Feazel for $700.00, the amount sued for, and rejecting his demands against all the other defendants.

From this judgment the defendant Feazel has appealed.

## OPINION.

Defendant urges several grounds for the reversal of the judgment, among which is that it is not supported by the evidence; and as we have reached the conclusion that his contention on that point is correct it is not necessary to discuss the other points.

Plaintiff testified that defendant, W. C. Feazel, representing himself and the other defendants, employed him to erect a derrick on certain land in Union parish for the stipulated and agreed price of $700.00 to be paid within thirty days from the date of the completion of the said derrick.

Defendant Feazel, with whom plaintiff says he contracted, admits that he did employ plaintiff to erect the derrick but he denies that he agreed to pay him $700.00 therefor but, on the contrary, says that it was agreed, that the consideration for the erection of the derrick was to be an interest in a certain oil and gas lease on lands in that parish owned by plaintiff and all the defendants jointly.

It seems that plaintiff and the defendants owned the lease, for which they had paid $5000.00, each owning shares or units therein, the units being valued at $250.00 each.

The defendant, Feazel, testified that plaintiff agreed to accept as compensation for the erection of the derrick four units in

the lease valued at $1000.00. He testified postively that he did not agree to pay plaintiff $700.00 for the erection of the derrick.

Feazel's testimony is corroborated by that of Fred Gulley who had no interest in the case and by that of Dr. Tugwell who owned one unit in the lease.

Mr. Gulley was asked what statement, if any, plaintiff made to him about the derrick and he said:

"Along about when the derrick was first completed I was talking to Gray on the street here and he told me he built it for an interest."

And he was asked if Gray said how much, and the witness answered:

"No, sir, and some time later we were talking about it and he said Mr. Feazel wouldn't pay him and I told him, 'I thought you built it for an interest,' and he said 'provided the well was dug and if it wasn't he was to pay me $700.00'."

Dr. E. Tugwell, one of the defendants, and who owned an interest in the lease, was asked:

"Q. What statement if any did he ever make to you about how he was building that derrick? What did he say to you?"

and he answered:

"He said he was erecting a derrick for units in this lease."

Plaintiff took the stand again and testified in rebuttal and was asked what statement he had made to Mr. Gulley and he said that the only statement he made to him was that they had agreed to pay him $700.00 for the derrick, "and if business picked up to where I had plenty of work to where I could do it, I would take stock, but the way things went that I wouldn't consider no stock".

But he was not asked whether he had stated to Dr. Tugwell that he had agreed to accept units in the lease as his compensation and he made no denial that he had so stated to him.

Article 2277 of the Civil Code provides:

"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborative circumstances."

See Hannay vs. N. O. Cotton Exchange, 112 La. 998, 36 South. 831.

O'Niell vs. Guyther, 123 La. 100, 48 South. 759.

Williams vs. Congregation, 128 La. 355, 54 South. 877.

Yerger vs. Murdoch, 126 La. 793, 52 South. 1028.

Plaintiff's suit is on a contract not reduced to writing. The burden of proof was upon him to prove the contract. His testimony is not corroborated by that of any other witness and there are no corroborating circumstances. On the contrary, two witnesses other than Feazel one of whom is wholly without interest in the case and the other, who is interested but whose testimony was not disputed by plaintiff in rebuttal, stated that plaintiff told them that he was to accept units or an interest in the lease as compensation for his work and expense of building the derrick.

In view of the above article of the Code and the authorities cited and in view of the contradictory evidence, we hold that plaintiff has failed to make out his case.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed and avoided and plaintiff's suit dismissed at his cost.