OVERTON, J.
 

 Plaintiff brought suit against defendant to compel it to cancel a resolution, passed by its board of directors on July 14, 1928, rescinding the issuance of 250 shares of its stock to plaintiff, and to reinstate the shares of stock on defendant’s books as valid shares. Plaintiff recovered judgment, as sued for, against defendant, whereupon defendant moved for appeals, both suspensive and devolutive, returnable to this court. The trial judge granted the devolutive appeal asked for, upon defendant's furnishing bond in the sum of $100, which he obviously considered sufficient to secure the costs, and granted the suspensive appeal, applied for, upon defendant’s furnishing bond in the sum of $30,000.
 

 Defendant complains of the amount of bond fixed for a suspensive appeal, and urges that the trial court should have fixed it in an amount sufficient to secure costs, and certainly not to exceed $1,000. Failing to obtain relief in the lower court, defendant has applied to this court for relief through writs of certiorari, prohibition, and mandamus.
 

 It is manifest that the judgment rendered against defendant is not a judgment for a specific amount of money, and therefore that article 575 of the Code of Practice, fixing the amount of bond for a suspensive appeal, where the judgment is for a specific sum, in an amount, exceeding by one-half the amount of the judgment rendered, is without application to the amount of bond, here required. It is equally clear that article 576 of the Code of Practice, requiring security in an amount exceeding by one-half the estimated value of movable property, where the judgment orders the delivery of a movable of a perishable nature, has no application. It is also clear that article 577 of the Code of Practice, requiring that, where the judgment de
 
 *426
 
 erees the delivery of real estate, not of a perishable nature, the appeal bond must be for an amount sufficient to secure the estimated value of the revenue to be derived from the property, pending the suit, and to secure the appellee against injury to, or deterioration of, the property, has no application.
 

 The judge, it is true, must fix the amount of the appeal bond, Code of Practice, art. 574, and, in doing so, he necessarily has some discretion, but this does not mean that he may. act arbitrarily in the matter. His action becomes arbitrary whenever he fixes the bond in an amount clearly excessive.
 

 Defendant cannot sell the stock, pending the appeal, for it has not possession of it to deliver. Defendant has never paid dividends, and it does not appear that it is likely to do so pending the appeal. Aside from these observations, the rule is that in cases, not falling within the provisions of articles 575, 576, or 577 of the Code of Practice, no other security is necessary for a suspensive appeal than that necessary to secure payment of the costs. State ex rel. Hicky v. Judge, 20 La. Ann. 108 ; State ex rel. Durand v. Judge, 30 La. Ann. 282 ; Succession of Edwards, 34 La. Ann. 216 ; State ex rel. Muller Bros. v. Lazarus, 36 La. Ann. 189 ; Hannay v. New Orleans Cotton Exchange, 112 La. 998, 36 So. 831.
 

 In our view the court should have fixed the bond for a suspensive appeal in an amount sufficient to secure the costs.
 

 The relief, here sought by relator, may be obtained by means of the writ of mandamus. State ex rel. Hicky v. Judge ; State ex rel. Durand v. Judge ; State ex rel. Muller Bros. v. Lazarus, supra.
 

 For these reasons, the rule nisi, issued herein, is made absolute, and the respondent judge is accordingly directed to grant the suspensive appeal upon defendant’s furnishing an appeal bond, in an amount, to be fixed by him, sufficient to secure the costs; the plaintiff in the suit to pay the costs of this application.