JOHNSON, Judge.
A brief statement of the case leading up to defendant’s application to this Court for remedial writs is necessary for proper understanding of the question to be decided.
This plaintiff brought a possessory action against the defendant in the District Court in the Parish of Plaquemines, claiming physical possession of certain lands located in that Parish and alleging that the defendant was disturbing and interfering with plaintiff’s possession, mainly by having given written notice to the Shell Oil Company that defendant was asserting a claim against the plaintiff for one-half interest in said property, as a result of which the Shell Oil Company withheld one-half the royalties due to plaintiff from oil production on the land in excess of $3,000 a month, aggregating at that time to more than $40,000.00. Plaintiff prayed for injunctions, prohibitory and mandatory, against the defendant and that defendant be ordered to assert any adverse claim he may have to the land in a petitory action to be filed within a time to be fixed by the Court. Upon the trial of a rule to show cause, preliminary injunctions issued accordingly. After trial on the merits the Court rendered a final judgment quieting the plaintiff in his possession of the land, ordering the defendant to assert his claim, if any he has, in a petitory action within forty-five days and making the injunctions permanent. That judgment was dated October 30, 1961.
*36 On motion of the defendant the trial Court granted a devolutive appeal and fixed the bond at the sum of $250.00, and granted a suspensive appeal on giving bond in the sum of $2,500.00. Both bonds were furnished. On plaintiff’s motion the trial Court, on January 10, 1962, (by a different Judge) rendered judgment modifying and amending the original order granting the appeal by increasing the bond to be given for a suspensive appeal to the sum of $35,-000.00.
Whereupon, the defendant filed an application to this Court for remedial writs to be addressed to the trial Court, ordering that the record be sent here in order that this Court may either rescind the said order of January 10, 1962, or in the alternative that this Court may fix the amount of the suspensive appeal bond or remand the case to the trial Court to fix the bond at $2,500.-00.
On January 18, 1962, this Court issued the following order:
“IT IS ORDERED that the Honorable Bruce Nunez, Judge of the Twenty Fifth Judicial District Court for the Parish of Plaquemines, issue an order on or before February 2, 1962:
“a) rescinding, annulling and setting aside the judgment rendered by him on January 10, 1962, which increased to the sum of $35,000.00 the amount of the suspensive appeal bond theretofore required to be furnished by relator, Charles S. Pique, Jr., and
“b) reinstating the order of the Honorable Rudolph M. McBride, Judge, dated November 9, 1961, fixing the amount of such suspensive appeal bond at the sum of $2,500.00,
“or show cause in this Court on February 9, 1962 why the relief prayed for in the petition of Relator should not be granted.”
The trial Court having filed his response and having transmitted the record of the proceedings to this Court, the matter is now before us on the rule nisi contained in the above order of this Court.
The present law governing the amount of the security to be furnished for an appeal is Article 2124 of the LSA-Code of Civil Procedure, which reads, in part, as follows :
“The security to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs.
“The security to be furnished for a suspensive appeal is determined in accordance with the following rules:
“(1) When the judgment is for a sum of money, the amount of the security shall exceed by one-half the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of costs;
“(2) When the judgment distributes a fund in custodia legis, only security sufficient to secure the payment of costs is required; and
“(3) In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of execution. * * * ”
The judgment of the District Court of October 30, 1961, from which a suspensive appeal was granted to the defendant, is not a judgment for a sum of money. Therefore, sub-section (1) of Article 2124 does not apply.
The judgment appealed from does not distribute a fund in custodia legis, and subsection (2) does not apply.
The amount of the bond for a suspensive appeal in this instance must be fixed in accordance with sub-section (3).
The judgment of October 30, 1961, first recognizes the plaintiff as being in posses *37 sion of certain described land and the plaintiff is quieted in his possession of that property and decreed to be entitled to the revenues. The judgment then orders the defendant to assert his claim, if any he has, to said property in a petitory action to be filed within forty-five days.
The next paragraph of that judgment decrees that the defendant is enjoined and prohibited from disturbing the possession of the plaintiff and from asserting any right of ownership (except in a petitory action) or attempting to affect the title to said property, and from interfering with the receipt by the plaintiff of the revenues from said property.
By the last paragraph of the judgment the defendant is commanded to sign and deliver to the Shell Oil Company a letter correcting the statement in a previous letter-notice of July 22, 1960, that a suit in the Civil District Court of the Parish of Orleans by defendant against the plaintiff asserts a claim of defendant against the plaintiff for one-half interest in the designated property standing of record in the name of the plaintiff, and the substance of such letter shall state that no claim of title or ownership is being made by the defendant.
There is evidence in the record that the mandatory injunction contained in the last paragraph of the judgment has been complied with and that the Shell Oil Company has released and paid to the plaintiff all royalty amounts which it had withheld at the instance of the defendant. Therefore, the only portion of the judgment which the defendant, relator herein, must comply with is the injunction prohibiting him from disturbing plaintiff’s possession of the property, from asserting ownership therein (except in a petitory action) and
“ * * * from doing any act of any nature whatsoever in interference with the possession of the plaintiff in said property, including by way of illustration but not limitation any act interfering, hindering or preventing the receipt by plaintiff of revenues from said property.”
The import of sub-section (3) of Article 2124 of the LSA-Civil Code of Procedure is that the Court shall exercise its judgment in fixing the amount of a sus-pensive appeal bond. Counsel for Ingolia contends that the Court has “wide discretion” in that respect and refers to the official revision comments printed in the Code following the article referred to. That comment is not the law but merely the opinion of the redactors of the Code. Learned counsel stresses with great emphasis that the trial Court has not only discretion in fixing the amount of the bond but “wide discretion.” Just how much wider is “wide discretion” as compared to “discretion” he does not inform us, but his argument is to the effect that if the Judge should miss the mark by a wide margin or great amount, even to the extent of naming an amount in excess of the necessities of the situation, his exercise of such “wide discretion” in that respect cannot be disturbed. We do not agree that the language of the law gives the Court that exclusive power. The right to exercise discretion denotes the absence of a fixed, well defined rule of law applicable to the point at issue. The term “wide discretion” has no significant meaning in law. If “wide discretion” means anything different from just plain, common sense, rational and reasonable application of judgment and experience to a given situation, then it must be defined as a loose, haphazard, injudicious discretion. Actually, the provision of law applicable here does not say anything about the use of discretion. It specifies exactly the items the bond shall cover, and naturally, the Court must exercise some discretion in estimating the amount of it.
Counsel further argues that the value of the real estate owned by him and the amount of revenues which he realizes therefrom have a direct relation to the necessary amount of this bond. In the *38 written reasons by his honor, the trial Judge, and in his response to this rule, the great value of the land and the large revenues the land produces are given paramount consideration by the Judge as indicative of the necessity oí a large appeal bond. It is stipulated that the real estate in question has a value of at least $800,000.00. The revenues are shown to be more than $6,000.00 per month for the whole interest. The value of the land certainly plays no part in determining what the amount of the bond should be. The defendant does not claim any title interest in that land. The only relation which the amount of the royalty payments could have is in the event the defendant should again, by some means, induce the Shell Oil Company to withhold the payments of all or any part of them, the plaintiff would be damaged by any delay in the receipt of the money. Damage for delay in the receipt of money is expressed in interest. Counsel for plaintiff concedes that to be true in his answer to an interrogatory propounded to him in the course of this litigation. We find also in the record prepared by plaintiff and attached to one of plaintiff’s briefs, a schedule computing the interest by the month on the more than $40,000.00 total, which the Shell Oil Company withheld over a period of twelve months, the interest amounting to $1,455.54. It is certain that the possibility that the defendant could do anything to dissipate entirely, or even partially, the revenues and forever deprive the plaintiff of them is beyond the realm of reasonable contemplation in determining the amount of the appeal bond. There is no judgment to execute. Defendant is not in possession of the land and does not collect any part of the revenues. The delay by the appeal would not deprive the plaintiff of anything pending the appeal. Article 2124, quoted above, says that the bond shall include any damages for the delay resulting from the suspension of the execution of the judgment. Also that the amount shall be sufficient to assure the satisfaction of the judgment. This judgment can only be satisfied by the defendant refraining from disturbing the plaintiff in his possession of the land and by not interfering with the plaintiff in receiving promptly the revenues of the land. The only part that the amount of the revenues plays is, the greater the amount of the revenues which is withheld and the longer the delay the greater would be the interest to which the plaintiff would be entitled when he finally receives the money. It is also conceivable that should the defendant do something to disturb plaintiff’s possession of the land or to interfere with the prompt receipt of the revenues, it may be necessary for the plaintiff to incur some expense to recover possession and to force collection of the royalties. In addition to the accumulation of interest as an element of damage there may be some necessary costs, expenses, and attorney’s fees which the plaintiff could possibly incur in such event. In contemplation of every imaginable exigency which could arise as the result of defendant’s wrongdoing in relation to the subject matter, one must exercise a realistic visualization of actual probabilities. With these things in mind, the accumulation of $35,000.00 in damages is so remote as to be deemed unreasonable. Beyond the argument that should anything be done to cut off the payment of the revenues at $6,000 per month, it would take less than six months to equal the sum of $35,000.00, nothing is said by his honor, the trial Judge, or in the briefs on behalf of plaintiff, that suggests anything that would necessitate a bond in that amount. As we have pointed out hereinabove, the amount of the revenues has very little influence in the amount of damages that could be incurred. It is our view that security in the amount of $2,500.-00 will be more in keeping with reason and justice. The authorities cited by counsel and the Court are not controlling.
For these reasons, it is ordered, adjudged and decreed that the rule nisi is made absolute; the judgment of the trial Court of January 10, 1962, is reversed and rescinded *39 and it is further ordered that the bond for the suspensive appeal shall be in the sum of $2,500.00.
It is further ordered that this case is remanded to the Twenty-fifth Judicial District Court for further proceedings in accordance with this judgment herein rendered.
The cost in this Court for this proceeding shall be paid by defendant.
Reversed and rendered.