REID, Judge.
Mr. Thomas F. Moody, universal legatee under the will of the late Annie Laurie Rou-main Moody, brought a rule against the defendants, Benjamin Roumain, now deceased, as principal, and J. P. Roumain, as surety, to show cause why certain fees should not be taxed as costs and paid by the said Benjamin Roumain and J. P. Roumain.
The defendant in rule, Benjamin Rou-main, had instituted a suit on September 18, 1953, in the Succession of Annie Laurie Roumain Moody attacking the will of the said late Annie Laurie Roumain Moody, seeking, among other things, to have the will of the decedent decreed to be a forgery. Answer was filed by the plaintiff in rule and the said Benjamin Roumain voluntarily dismissed his suit at his cost as of non-suit on or about January 4, 1954, and on the same day the defendant in rule filed a second suit with the same allegations. The second suit was set for trial on April 6, 1954, and on April 3, 1954, counsel for defendant in rule notified counsel for plaintiff in rule by letter that a supplemental petition would be filed eliminating from the suit the verity of the handwriting of the will being contested, which supplemental petition was filed on the date of the trial, April 6, 1954, eliminating any issue concerning whether or not the will was forged. The suit brought by the defendant in rule was dismissed by the trial Court on May 19, 1954, and judgment of the trial Court was affirmed by the Supreme Court of the State of Louisiana and became final April 25, 1955.
As previously mentioned, the present suit comes before this Court on a rule to show cause why certain costs incurred by the plaintiff in 'rule, Thomas F. Moody, in the mentioned suits should not be taxed as costs. This matter was tried and on May 27, 1960, a judgment was rendered for written reasons assigned in favor of Thomas F. Moody and against Benjamin Roumain and J. P. Roumain, in solido, making the rule absolute to the extent of fixing the fees of the experts in the suit contesting the will in the total amount of $8,317.78. A motion for rehearing was filed on June 6, 1960, which alleged, among other things, that the said J. P. Roumain had died in November of 1958. The trial Court then amended its judgment making the rule absolute against *721 J. P. Roumain as defendant in rule to the total sum of $8,317.78, “together with costs of this rule, and ordered paid by said J. P. Roumain, provided, however, that in view of the fact that the total liability of J. P. Roumain under the two bonds signed by him (one bond in the principal sum of $3000.00 having been signed February 25, 1954, being a bond for costs, and another bond in the additional principal sum of $5,-000.00 having been signed May 28, 1954, being a suspensive appeal bond) in the principal sum of Eight Thousand and No/100 (8000.00) Dollars, that the liability of said J. P. Roumain is accordingly limited to the total principal sum of Eight Thousand and No/100 ($8000.00) Dollars.” The trial Judge in his judgment further decreed that all rights of Thomas Franklin Moody against the Estate and Succession of the late Benjamin Roumain be reserved to him. It is from this judgment that this appeal was taken.
It should be noted that the final judgment as rendered was rendered only against the defendant in rule J. P. Roumain as surety on bonds signed by him, one being a $3000.-00 cost bond signed on February 25, 1954, which Benjamin Roumain was ordered to furnish in connection with the filing of his second suit and the other being a $5000.00 appeal bond signed May 28, 1954 in connection with the suspensive appeal taken by the said Benjamin Roumain in connection with his second suit. It should be further pointed out that the said judgment rendered herein was not rendered against Benjamin Rou-main or against Benjamin Roumain and J. P. Roumain in solido, but was merely rendered against the defendant in rule J. P. Roumain.
There are many allegations of error set forth by the appellant in his brief. However, it will not be necessary for this Court to go into all of the alleged errors. As mentioned above, the judgment against the appellant is based upon two bonds, a $3000.00 cost bond and a $5000.00 appeal bond, both of which were filed in the second suit. The only liability of the appellant under both bonds is for costs chargeable against the principal, J. P. Roumain, under the second suit. It is clear that here we have two bonds covering the same matter, namely, the costs incurred in the second suit. Therefore, it would follow, that when the appeal bond was filed it superseded the cost bond as the only matter to be secured by the appeal bond was the cost of the suit.
The jurisprudence is clear that in the case of a suspensive appeal from a judgment which does not decree the payment of money or delivery of property, a bond covering costs is sufficient. State ex rel. Durand v. Parish Judge of St. Martin Parish, 30 La.Ann. 282.
The rule is further stated in the case of Johnson v. National Sand & Gravel Co., 170 La. 423, 127 So. 889, wherein the Court held that in cases not falling within the provisions of Articles 575, 576 or 577 of the Code of Practice of 1870 (which was the law in effect at the time this case was tried) the only security needed is that sufficient to secure payment of the costs. As this was the case herein, the appeal bond was in reality a bond merely for the payment of costs, the amount of which had been determined by the trial Judge, and when the appeal bond was filed it superseded the original cost bond. For that reason, there could not be a judgment rendered against the appellant herein on both of the said bonds.
It should be further pointed out that the judgment rendered herein assessed costs against the appellant in both of the'above mentioned suits, one which was dismissed as of non-suit on or about February 5, 1954, and the second suit in which the appeal bond was filed. No attempt was made by the Trial Court to apportion the costs between the two suits. The appellant, J. P. Roumain, could not be said to have been liable for any of the costs of the first suit. In fact, on or about January 6, 1954, the plaintiff in rule, appellee herein, filed a motion against Benjamin Roumain to fix costs incurred in connection with the first suit *722 which the said Benjamin had dismissed as in the case of non-suit. On March 4, 1954, a judgment was rendered making the rule absolute and rendering judgment against Benjamin Roumain in the sum of $2,915.66 for the costs in the first suit. That judgment was affirmed by the Supreme Court of the State of Louisiana in the case of the Succession of Moody, 229 La. 30, 85 So.2d 20. Included in that judgment were the fees of some of the parties whose fees were also taxed as costs in this suit, and as there can be no doubt that the appellant herein cannot be held liable for any costs which occurred in the first suit, it must, therefore, be determined by the trial Court which costs are assessable to the first suit and which are assessable to the second suit, and the liability of the appellant under the appeal bond should be determined in accordance therewith.
For the foregoing reasons, it is ordered, adjudged and decreed that the judgment of the lower Court be reversed and the matter remanded to the District Court for the purpose of determining which costs are assessable solely to the second suit, and for determination of the question of the liability of the appellant under the appeal bond filed in the second suit.
Reversed and remanded.