SCHOTT, Judge.
This is before us on an application for Supervisory Writs by Donald J. Palmisano, et al., plaintiffs, as limited partners of defendant, Lake Forest Boulevard Medical Development, a partnership in Commen-dam. They brought their suit against the partnership, the general partner, John L. Mascaro, and a remaining limited partner to dissolve the partnership and to set aside an agreement between the general partner and a third-party listing for sale real estate owned by the partnership. Contemporaneous with the filing of the suit plaintiff filed a notice of its pending action (lis pendens) in the mortgage office pursuant to C.C.P. Arts. 3751-3753. Defendants obtained a peremptory writ of mandamus ordering the notice of lis pendens cancelled, and plaintiffs appealed suspensively. The trial court fixed the suspensive appeal bond at $975,-000 based on evidence that the general partner, defendant, had entered into an ex-ecutory contract to sell half of the property for $650,000, and for the expressed reason that the bond should be one and one-half times this amount. This application questions whether the amount of the suspensive appeal bond is excessive.
C.C.P. Art. 2124 provides in pertinent part as follows:
“. . . . The security to be furnished for a suspensive appeal is determined in accordance with the following rules:
(1) When the judgment is for a sum of money, the amount of the security shall exceed by one-half the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of costs.”

(3) In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution.”
Since the judgment appealed from is not for a sum of money Art. 2124(l)'s requirement for a bond of one and one-half times the amount of the judgment is inapplicable. Johnston v. National Sand & Gravel Co., 170 La. 423, 127 So. 889 (1930), interpreting source articles 574 — 577 of the Code of Practice. The amount of the bond is governed by Art. 2124(3) which confers discretion on the trial court to fix an amount sufficient to secure the judgment’s satisfaction and to indemnify the appellee against damages he may sustain from the delay in executing his judgment.
In Ingolia v. Pique, 139 So.2d 34 (La.App. 4th Cir. 1962), this court rejected the notion that the discretion conferred on the trial judge under Art. 2124(3) was something beyond the traditional concept of discretion as “just plain, common sense, rational and reasonable application of judgment and experience to a given situation.” In other words, the trial judge may not be unreasonable or arbitrary in fixing the amount of the bond and his judgment will be modified on appeal if he abuses his discretion.
The Ingolia case is also helpful in its holding that the value of the land involved in a possessory action played no part in determining the amount of the suspensive appeal bond for an interlocutory judgment relating to oil royalties being paid on the land.
In the instant case, the suspension of the judgment cancelling the lis pendens prevents the sale of the land for $650,000 during the appeal, and the question is what damages will defendants sustain as a result. The land is vacant and producing no income. Its conversion into cash would provide defendants with the opportunity to earn interest on the money. Interest is precisely the damages resulting from the loss of the use of money. C.C. Art. 1935.
We have concluded that one year from date would be ample time for the appeal to become final in this case, and the rate of twelve percent interest established by C.C. Art. 1938 is appropriate. Thus, the suspen-sive appeal bond should properly be fixed at one and one-half times $78,000 (12% X $650,000) or $117,000 plus $3,000 for costs or $120,000.
*915 Accordingly, we issue a peremptory writ amending the order of the trial court dated March 22, 1982, and conditioning plaintiff’s suspensive appeal upon their furnishing bond in the amount of $120,000.00.