SUCCESSION OF EVY MAE WILLIAMS

NO. 25-C-441

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

October 14, 2025

Linda Tran
First Deputy Clerk

**IN RE** YVETTE MCCORNELL

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SHAYNA BEEVERS MORVANT, DIVISION "M", NUMBER 853-423

---

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst

**WRIT DENIED; STAY DENIED**

In this succession case, relator, Yvette McCornell, seeks review of the trial court's August 22, 2025 order, setting her suspensive appeal bond at $195,000.00. On the showing made, we find the trial court did not abuse its discretion in setting the bond for the following reasons.

Trial was held on August 11, 2025, with a written judgment rendered on August 20, 2025. The trial court signed the order granting Ms. McCornell a suspensive appeal and setting the bond on August 22, 2025, with a deadline of depositing the funds "on or before" September 22, 2025. Ms. McCornell filed a notice of intent to seek supervisory review on September 3, 2025, and on September 4, 2025, the trial court set a September 22, 2025 return date for the writ application. On September 22, 2025 at 5:50 P.M., some 32 days after the judgment, Ms. McCornell filed this timely writ application, almost a month after the bond was set, seeking expedited review and a stay.

25-C-441

We first point out that the trial court set the bond after a full trial with the information made available to the court at the time. Based on the writ application, the trial court heard evidence at trial on August 11, 2025 regarding a petition to probate decedent's notarial testament, to remove relator as the provisional administrator, and a request for an interim accounting.[1] Without a transcript of the trial, this court cannot fully consider the reasons for the trial court's setting the bond.

Second, the trial court also set forth reasons for the bond in its order establishing the bond based on La. C.C.P. art. 2124 B(3), which provides the trial court shall set the bond at an amount sufficient to assure the satisfaction of the judgment. The trial court recognized that no accounting had been presented, which was Ms. McCornell's responsibility as the provisional administrator. Ms. McCornell failed to provide the court with any accounting prior to the bond setting. In addition, she did not provide an updated sworn descriptive list identifying assets and liabilities of the Estate. Ms. McCornell provided only her previously-filed sworn descriptive list indicating the Estate's value, on which the court had to rely. The trial court also considered judicial interest from the date of demand, and loss of rental income with interest because Ms. McCornell was "utilizing [the Estate] without contribution to the Estate," *i.e.*, living in the house rent-free. We find the writ application insufficient to contradict or dispute the trial court's reasons, or to support a finding that the trial court abused its discretion.

Third, relator's September 12, 2025 accounting was not before the trial court at the time of the bond setting. In fact, it was not prepared until three weeks later. Although the court ordered that an accounting be filed by September 12, 2025, that date was set at the conclusion of the hearing to remove relator on August 11, 2025. The accounting was ordered either because relator was removed as administrator, or

---

[1] According to relator's petition to open succession, she challenged the decedent's testamentary capacity. Without a transcript, we have no way of knowing if evidence was presented to the trial court on this issue.

because the annual accounting was overdue, or both. Regardless of the reason, it was ordered in the ordinary course of the probate proceeding, and had nothing to do with, nor was it in anticipation of, setting of the bond. Relator was free at any time between August 11, 2025 and August 22, 2025 to prepare the accounting and present it to the trial judge before she presented the order setting the bond. Because the accounting was not before the trial court, we cannot consider it.

We cannot say the trial court was arbitrary in calculating a reasonable suspensive appeal bond based on purported evidence which relator did not present to the trial court at trial or before the trial court set the bond.

We therefore deny this writ application and relator's request for a stay.

Gretna, Louisiana, this 14th day of October, 2025.

**SJW**
**JGG**

3

SUCCESSION OF EVY MAE WILLIAMS

NO. 25-C-441

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**JOHNSON, J., DISSENTS WITH REASONS**

I, respectfully, dissent from the majority disposition in this matter. La. C.C.P. art 2124(B)(3) states, "In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution." On August 20, 2025, the trial court ordered an accounting of the succession to be filed by September 12, 2025. However, on August 22, 2025, the trial court set the $195,000 appeal bond and specifically stated that the court considered "no accountings".[1] Thus, the trial court failed to set an amount sufficient to assure the satisfaction of the judgment because it admittedly did not consider any recent accountings for the succession. At this point, the amount of the suspensive appeal bond is arbitrary. While a trial court has discretion in setting an amount, "this does not mean that [the trial court] may act arbitrarily in the matter" of setting the appeal bond. *See*, *Magner v. Deas*, 25-302 (La. App. 4 Cir. 5/16/25), 414 So.3d 1133, 1143, quoting *Johnson v. Nat'l Sand & Gravel Co.*, 170 La. 423, 425, 127 So. 889, 890 (La. 1930).

Accordingly, I would grant the writ application for the limited purpose of vacating the order and remanding the matter for consideration of the succession accounting in the setting of the suspensive appeal bond.

**MEJ**

---

[1]Instead of an accounting of the succession, the trial court utilized a sworn descriptive list—that did not include any succession liabilities—filed more than a year prior to the rendition of the order.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>**10/14/2025**</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-441**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Shayna Beevers Morvant (DISTRICT JUDGE)
David M. McDonald (Relator)              Justin J. Baker (Relator)
                                         Jamie P. Gomez (Respondent)

### MAILED

Alison C. Bondurant (Respondent)
Attorney at Law
109 Innwood Drive
Suite 2
Covington, LA 70433